UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-23664-GAYLES

**ORESTES GARCIA,**
         **Plaintiff,**

v.

**HSBC MORTGAGE CORPORATION;
HSBC BANK USA; AMERICAN EXPRESS
BANK, FSB; and LVNV FUNDING, LLC,**
*as successor in interest to Sears National Bank*,
         **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. The Court has reviewed the record in this case and is otherwise fully advised in the premises.

In its Notice of Removal removing this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Defendants HSBC Mortgage Corporation and HSBC Bank USA invoke this Court's diversity jurisdiction. [ECF No. 1] ¶ 6. In the Notice, these Defendants assert that because they are "citizen[s] of New York for the purposes of diversity jurisdiction," and because the Plaintiff is a citizen of Florida, "there is a complete diversity of citizenship between Plaintiff and HSBC." *Id.* ¶¶ 7-9. Neither the Notice of Removal nor the record contains any indication of the citizenships of Defendants American Express Bank, FSB, or LVNV Funding, LLC.

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove a case brought in state court to federal court if the federal court has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. When a defendant removes a case, it, as the removing party, bears the burden of proving that federal subject matter jurisdiction

1

exists. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). Diversity jurisdiction requires fully diverse citizenship of **all** parties and an amount in controversy over $75,000, 28 U.S.C. § 1332(a), which is determined at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

Defendant LVNV Funding, LLC, is a limited liability company. It is axiomatic in this Circuit that "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of unincorporated business entities, the removing party must list the citizenships of all members of the limited liability company." *S. Beach Grp. Hotels, Inc. v. James River Ins. Co.*, No. 16-23265, 2016 WL 4157422, at *2 (S.D. Fla. Aug. 5, 2016) (citations and internal quotation marks omitted).

Considering this standard, the allegations regarding the citizenship of the parties contained within the Notice of Removal are "fatally defective." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Therefore, the Court finds that the Defendant, as the removing party, has failed to establish that diversity of citizenship exists in this case. That said, the Court is mindful of the Eleventh Circuit's instruction that, prior to remanding a case for lack of subject matter jurisdiction upon the failure of a removing party to properly allege diversity, a district court must allow the removing party an opportunity to cure the deficiency. *Corp. Mgmt. Advisors Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297-98 (11th Cir. 2009). That party should be granted leave to amend its notice of removal to "'unequivocally' establish diversity of citizenship." *Id.* (quoting *Armada Coal Exp., Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1569 (11th Cir. 1984)).

Accordingly, it is **ORDERED AND ADJUDGED** that by **September 16, 2016**, the Defendants shall file an Amended Notice of Removal that includes sufficient allegations to un-

equivocally establish diversity of citizenship of the parties in this case. Failure to comply with this Order will result in remand without further notice for want of federal jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of September, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE